1 **SHAFFY MOEEL**
California State Bar No. 238732
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5008
Telephone: (619) 234-8467
4 shaffy_moeel@fd.org

Attorneys for Mr. Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR1907-JTM |
|---|---|---|
| Plaintiff, | ) | DATE: July 14, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| VICTOR GUADALUPE RODRIGUEZ, | ) | |
| Defendant. | ) | (1) PRESERVE EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY; AND |
| _____ | ) | (2) GRANT LEAVE TO FILE FURTHER MOTIONS. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY;
CARLA BRESSLER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 14, 2008 at 2:00 p.m., Victor Guadalupe Rodriguez, by and through his attorneys, Shaffy Moeel and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions:

(1) compelling discovery and preservation of evidence; and

(2) granting leave to file further motions.

//

//

//

1     These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: July 14, 2008

*/s/ Shaffy Moeel*
**SHAFFY MOEEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez

**SHAFFY MOEEL**
Cal. Bar No. 238732
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
shaffy_moeel@fd.org

Attorneys for Mr. Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JEFFREY T. MILLER**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR1907-JTM |
| ) | |
| Plaintiff, ) | Date: July 14, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ) | |
| VICTOR GUADALUPE RODRIGUEZ, ) | **STATEMENT OF FACTS,** |
| ) | **MEMORANDUM OF POINTS AND** |
| Defendant. ) | **AUTHORITIES IN SUPPORT OF MOTIONS** |
| ) | |
| _____ ) | |

**I.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Rodriguez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items about which the prosecutor knows, but includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1. The Defendant's Statements. The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and

any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; and any other statements by the defendant. FED. R. CRIM. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under FED. R. CRIM. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under FED. R. CRIM. P. 16(a)(1)(B) and (c), FED. R. CRIM. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable. This request includes statements obtained through prior immigration contacts, which the Government intends to introduce at trial, including but not limited to the deportation tapes.

3. Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. Any Information That May Result in a Lower Sentence. As discussed above, any information which may result in a more favorable sentence must also be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

5. The Defendant's Prior Record. Evidence of a prior record is available under FED. R. CRIM. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record.

1    6. <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under FED. R. CRIM. P. 16(a)(1)(c) and FED. R. EVID. 404(b) and 609. In addition, under FED. R. EVID. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. Sufficient notice requires the government to "articulate <u>precisely</u> the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

This request includes any "TECS" records as well as any other record(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as impeachment, or in its rebuttal case. Although there is nothing intrinsically improper about prior border crossings (except, as here, where there are allegations of undocumented status), they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7. <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under FED. R. CRIM. P. 16(a)(1)(c).

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (<u>e.g.</u>, undocumented aliens and transients). It is requested that the prosecutor be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. <u>Henthorn Material</u>. The defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 419, 437-38 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent(s), whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. The defendant further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an <u>in camera</u> inspection.

10. <u>Tangible Objects</u>. The defendant requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(c).

11. <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(E). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). <u>See</u> <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with the defendant or any other witness.

1    The defense requests the notice of expert testimony be provided at a minimum of two weeks
2 prior to trial so that the defense can properly prepare to address and respond to this testimony, including
3 obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain
4 a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire
5 Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must
6 determine, reliability and relevancy of expert testimony and such determinations may require "special
7 briefing or other proceedings").

8    12.   Impeachment evidence.  The defendant requests any evidence that any prospective
9 government witness has engaged in any criminal act whether or not resulting in a conviction and whether
10 any witness has made a statement favorable to the defendant. See FED. R. EVID. 608, 609 and 613. Such
11 evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, 851 F.2d 1197 (9th
12 Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that
13 detracts from a witness' credibility).

14    13. Evidence of Criminal Investigation of Any Government Witness. The defense requests
15 any evidence that any prospective witness is under investigation by federal, state or local authorities for any
16 criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

17    14.   Evidence of Bias or Motive to Lie.  The defense requests any evidence that any
18 prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or
19 distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d
20 1197 (9th Cir. 1988).

21    15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. The
22 defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show
23 that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and
24 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
25 alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213,
26 224 (4th Cir. 1980).

27    16.   Witness Addresses.  The defense requests the name and last known address of each
28 prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States

1  v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is
2  ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to
3  witnesses). The defendant also requests the name and last known address of every witness to the crime or
4  crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a
5  government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

6        17. Name of Witnesses Favorable to the Defendant. The defendant requests the name of any
7  witness who made any arguably favorable statement concerning the defendant or who could not identify him
8  or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d
9  288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d
10 1164,1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086
11 (1980).

12       18. Statements Relevant to the Defense. The defendant requests disclosure of any statement
13 that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux,
14 685 F.2d 1105 (9th Cir. 1982).

15       19. Jencks Act Material. The defendant requests production in advance of the motion
16 hearing or trial of all material, including dispatch tapes, which the government must produce pursuant to
17 the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. A verbal acknowledgment that "rough" notes
18 constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a
19 statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also
20 United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks
21 material when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189
22 F.3d 802, 806-08 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion
23 hearing or trial to allow the defendant to investigate the Jencks material. Defendant requests pre-trial
24 disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to
25 prepare for, and use properly any Jencks statements during cross-examination.

26       20. Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the
27 defendant requests all statements and/or promises, expressed or implied, made to any government witnesses,
28

1  in exchange for their testimony in this case, and all other information which could arguably be used for the
2  impeachment of any government witnesses.

3        21. <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery
4  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
5  compensation, or any other kind of agreement or understanding, including any implicit understanding
6  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government
7  witness and the government (federal, state and/or local). This request also includes any discussion with a
8  potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or
9  any possible plea bargain, even if no bargain was made or the advice not followed.

10       22. <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names
11 and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
12 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
13 charged against the defendant. The government must disclose the informant's identity and location, as well
14 as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro</u>
15 <u>v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from
16 informants which exculpates or tends to exculpate the defendant.

17       23. <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any
18 information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>,
19 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or
20 threats were made to the witness to secure cooperation with the authorities.

21       24. <u>Personnel Records of Government Officers Involved in the Arrest</u>. Defendant requests
22 all citizen complaints and other related internal affairs documents involving any of the immigration officers
23 or other law enforcement officers who were involved in the investigation, arrest and interrogation of
24 Defendant. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of
25 these documents, defense counsel will be unable to procure them from any other source.

26       25. <u>Reports of Scientific Tests or Examinations</u>:    Pursuant to FED. R. CRIM. P. 16(a)(1)(F),
27 Mr. Rodriguez requests disclosure and the opportunity to inspect, copy, and photograph the results and
28 reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but

not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

26. <u>Residual Request</u>.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16. The defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## II.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defense counsel has received one hundred seventy two (172) pages of discovery and a DVD. Mr. Rodriguez has not yet had the opportunity to review his A-File, nor an opportunity to review the A-file of his mother.  Additionally, Mr. Rodriguez has not yet received a copy of the deportation tape the government intends to rely upon.  Thus, Mr. Rodriguez requests leave to file further motions as may be necessary.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Rodriguez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: July 14, 2008  */s/ Shaffy Moeel*
**SHAFFY MOEEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**Carla Bressler**
Carla.J.Bressler@usdoj.gov,efile.dkt.gc1@usdoj.gov

Dated: July 14, 2008                     /s/ Shaffy Moeel
                                         SHAFFY MOEEL
                                         Federal Defenders of San Diego, Inc.
                                         225 Broadway, Suite 900
                                         San Diego, CA 92101-5030
                                         (619) 234-8467  (tel)
                                         (619) 687-2666  (fax)
                                         e-mail: Shaffy_Moeel@fd.org