```
 1  KAREN P. HEWITT
    United States Attorney
 2  STEVE MILLER
    Assistant U.S. Attorney
 3  California State Bar No. 138020
    United States Courthouse
 4  940 Front Street, Room 5152
    San Diego, California  92189-0150
 5  Telephone: (619) 557-5432
    email: steve.miller2@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1907-JM |
|---|---|---|
| Plaintiff, | ) | DATE: September 29, 2008 |
|  | ) | TIME: 11:00 a.m. |
| v. | ) |  |
|  | ) | GOVERNMENT'S RESPONSE AND |
| VICTOR GUADALUPE RODRIGUEZ, | ) | OPPOSITION TO DEFENDANTS' |
|  | ) | MOTIONS TO: |
| Defendant. | ) |  |
|  | ) | (1) COMPEL DISCOVERY |
|  | ) | (2) TO FILE FURTHER MOTIONS |
|  | ) |  |
|  | ) | TOGETHER WITH STATEMENT OF |
|  | ) | FACTS, MEMORANDUM OF POINTS |
|  | ) | AND AUTHORITIES, GOVERNMENTS |
|  | ) | MOTION FOR FINGERPRINT EXEMPLARS |
|  | ) | AND RECIPROCAL DISCOVERY |
|  | ) |  |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

//

//

I

STATEMENT OF FACTS

On August 6, 1999, defendant VICTOR GUADALUPE RODRIGUEZ was convicted of one count of second degree assault, in violation of Section 9A.36.021 1C of Washington State's Criminal code and was sentenced to 38 months prison.

On May 12, 2002, defendant was convicted of one count of unlawful entry, in violation of Title 8, United States Code, section 1325, and one count of failing to register with the immigration service, in violation of Title 8, United States Code, sections 1302 and 1306, in the Western District of Washington. Defendant was sentenced to two consecutive 6 month terms for a total of 12 months.

Defendant's record also includes felony convictions for burglary in 1982 and 1985 and possession of heroin in 1989.

On March 15, 2008, defendant was deported through the San Ysidro Port of Entry. Prior to his latest deportation, defendant had been deported in 1992, 1995 and 2003.

On May 7, 2008, at approximately 1:40 a.m., a Border Patrol Agent observed defendant through an infrared camera, walking north near an area known as the "25 Saddle" 25 Saddle is three miles east of the Otay Mesa Port of Entry and one and a half miles north of the border. The observations were radioed out and Agent David Cochran responded to the area. The agent found defendant lying in a brushy area and contacted him. The agent asked defendant what his citizenship was and defendant stated that he was a Mexican citizen without any documentation. Defendant also stated that he had entered without inspection. The agent arrested defendant and transported him to the Chula Vista Border Patrol Station.

At approximately 8:25 a.m., Agent Brian Ratz advised defendant of his <u>Miranda</u> rights. Defendant invoked his right to remain silent.

II

POINTS AND AUTHORITIES

A. THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Government has provided 172 pages of discovery and defendant's attorney reviewed the A-file on August 21, 2008. Government will continue to provide voluntary discovery when it becomes available and will comply with Rule 16 and its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.

The Government gives specific notice of its intent to offer evidence of other acts under Rule 404(b). By this notice, the Government reserves the right to offer any evidence, of any act, that was performed by the defendant, that is referenced in any of the discovery. These acts include, but are not limited to any of defendant's prior crossings, prior deportations, prior statements regarding citizenship and any prior felony. The acts also include, but are not limited to events that only become relevant once defendant's theory of the case is revealed.

B. ANY LEAVE FOR DEFENDANT TO FILE FURTHER MOTIONS SHOULD BE STRICTLY LIMITED

While the government recognizes this court's discretion to permit defendant to file further motions, the Government does oppose defendant's motion to the extent it is conjectural, overly broad and invites abuse. Any need for further motions should be justified at the time they are filed, permitting both the Government to oppose on a motion-by-motion basis and this court to determine if such motions could in fact have been filed earlier. Any other course would invite

an interminable and protracted motion practice, resulting in delay of trial.

  C. THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

    1. Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery. In addition, the Government voluntarily will comply with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

//
//

2.  <u>Rule 26.2</u>

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant. The Rule thus provides for the reciprocal production of Jencks statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession . . . .

Fed. R. Crim. P. 26.2(a).

The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in including, but not limited to, tape recordings, handwritten or typed notes and reports.

D.  <u>THE GOVERNMENT'S MOTION FOR FINGER PRINTS SHOULD BE GRANTED</u>

The Government moves this court to permit the Government's fingerprint expert to take defendant's fingerprints in anticipation of trial testimony linking defendant to the warrant of deportation.

//
//
//
//
//
//

III

CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant's motions be denied and the Government motions be granted.

DATED:   August 22, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        S/Steve Miller

                                        STEVE MILLER
                                        Assistant U.S. Attorney

```
                    UNITED STATES OF AMERICA

                  SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )   Criminal Case No. 08cr1907-JM
                               )
          Plaintiff,           )
                               )   CERTIFICATE OF SERVICE
v.                             )
                               )
VICTOR GUADALUPE RODRIGUEZ,    )
                               )
          Defendant.           )
                               )
```

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1.   Shaffy Moeel

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-EFC participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 22, 2008

                                        s/Steve Miller
                                        STEVE MILLER